UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

GARRISON REDD,

                      Plaintiff,

      v.

STATION SQUARE INN APARTMENTS CORP.,
AND 13 STATION SQUARE INC.,

                      Defendants.
-----------------------------------------------------------------x

1:24-CV-6422

COMPLAINT

<u>JURY TRIAL REQUESTED</u>

## **COMPLAINT**

Plaintiff Garrison Redd ("Plaintiff"), by counsel, Hanski Partners LLC, as and for the Complaint in this action against Defendants Station Square Inn Apartments Corp. and 13 Station Square Inc. (together referred to as "Defendants"), hereby alleges as follows:

## **NATURE OF THE CLAIMS**

1.      This lawsuit opposes pervasive, ongoing, and inexcusable disability discrimination by the Defendants.  In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages and attorney's fees, costs, and expenses to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations, the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"), the New York State Civil Rights Law, § 40 *et. seq.*, and the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York ("Administrative Code")*.*  As explained more fully below, Defendants own, lease, lease to, operate, and control a place of public accommodation that violates the above-

mentioned laws.  Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

2.      Defendants chose to ignore the explicit legal requirements which required them to make their place of public accommodation accessible to persons with disabilities. Doing so, Defendants acted to exclude persons with disabilities from their place of public accommodation.

3.      So that Plaintiff can enjoy the full and equal opportunity that Defendants provide to non-disabled customers, Plaintiff seeks to have Defendants enjoined to make their place of public accommodation accessible to him, an individual with a disability that uses a wheelchair for mobility.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.  The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' place of public accommodation that is the subject of this action is located in this district.

## PARTIES

6.      At all times relevant to this action, Plaintiff Garrison Redd has been and remains currently a resident of the State and City of New York.

7.      At all times relevant to this action, Plaintiff Garrison Redd has been and remains a wheelchair user.  Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

8.      Defendant Station Square Inn Apartments Corp. owns the property located at 13 Station Square in Forest Hills, Queens County, New York ("13 Station Square").

9.      Defendant 13 Station Square Inc. operates a restaurant that does business as the Dirty Pierre's.

10.     At all relevant times, Defendant 13 Station Square Inc. operates Dirty Pierre's in space it leases from defendant Station Square Inn Apartments Corp at 13 Station Square ("Dirty Pierre's premises").

11.     Upon information and belief, defendants 13 Station Square Inc. and Station Square Inn Apartments Corp. have a written lease or sublease agreement.

12.     Each defendant is licensed to and does business in New York State.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

13.     Each of the Defendants is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the Dirty Pierre's restaurant located at 13 Station Square, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102).

14.     The Dirty Pierre's premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code (§ 8-102).

15.     The Dirty Pierre's premises is a facility operated by a private entity and its operations affect commerce.

16.     Numerous architectural barriers exist at the Dirty Pierre's premises that prevent or restrict access to Plaintiff, a person with a disability.

17.     The architectural barriers at the Dirty Pierre's premises include, but are not limited to, architectural barriers at its public entrance.

18.     Upon information and belief, at some time after January 1992, alterations were made to 13 Station Square, including areas adjacent and attached to 13 Station Square.

19.     Upon information and belief, at some time after January 1992, alterations were made to the Dirty Pierre's premises, and to areas of 13 Station Square related to the Dirty Pierre's premises.

20.     Within the six months prior to the date of this Complaint, Defendants denied Plaintiff equal access to the Dirty Pierre's premises.

21.     As of the date of this Complaint, Defendants continue to deny Plaintiff equal access to the Dirty Pierre's premises

22.     Plaintiff desires equal access to the Dirty Pierre's premises.

23.     The services, features, elements and spaces of the Dirty Pierre's premises are not readily accessible to, or usable by Plaintiff as required by the 1991 ADA Standards for Accessible Design codified in 28 C.F.R. Part 36, Appendix D (the "1991 Standards" or the "1991 ADA") or in the 2010 ADA Standards for Accessible Design codified in 36 CFR part 1191 Appendices B and D and 28 CFR part 36 subpart D  (the "2010 Standards" or the "2010 ADA")

24.     Because of Defendants' failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and complete access to the publicly available areas of the Dirty Pierre's premises.

25.     Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, the 1968 New York City Building Code, Administrative Code, Title 27 ("1968 BC"), including the 1968 BC Reference Standard ANSI 117.1-1986 ("1968 Ref Std"), the 2008 New York City Building Code ("2008 BC") including the 2008 BC Reference Standard ICC/ANSI 117.1 2003 ("2008 Ref Std"), the 2014 New York City Building Code ("2014 BC") including the 2014 BC Reference Standard ICC/ANSI 117.1 2009 ("2014 Ref Std"), and the 2022 New York City Building Code ("2022 BC") including the 2022 BC Reference Standard ICC/ANSI 117.1 2009 ("2022 Ref Std").

26.     Barriers to access that Plaintiff encountered and/or which deter Plaintiff from patronizing the Dirty Pierre's premises as well as architectural barriers that exist include, but are not limited to, the following:

I.      No Exterior Accessible Route.
   a.   An accessible route is not provided from the public street and sidewalk to the public entrance to the Dirty Pierres premises.
        *Defendants fail to provide that at least one accessible route shall be provided within the site from public streets and sidewalks to the accessible building or facility entrance they serve. See 1991 ADA § 4.1.2(1); 2010 ADA § 206.2.1; 1968 BC§ 27-292.5(b); 2008 BC § 1104.1; and 2014 BC § 1104.1.*

II.     No Accessible Public Entrance.

a. The public entrance to the Dirty Pierres premises is not accessible.
*Defendants fail to provide that at least 50% of the public entrances are accessible. See 1991 ADA § 4.1.3(8)(a)(i).*
*Defendants fail to provide that at least 60% of the public entrances are accessible. See 2010 ADA § 206.4.1.*
*Defendants fail to provide that primary entrances are accessible. See 1968 BC § 27-292.5(a).*
*Defendants fail to provide that public entrances are accessible. See 2008 BC § 1105.1; and 2014 BC § 1105.1.*

b. There is a change in level (steps) greater than ½ inch high at the exterior side of the public entrance door to the Dirty Pierres premises.
*Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be overcome with a ramp, elevator, or platform lift. See 1991 ADA § 4.3.8; and 1968 Ref Std § 4.3.8.*
*Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be ramped. See 2010 ADA § 303.4; 2008 Ref Std § 303.3; and 2014 Ref Std § 303.4.*

c. The public entrance to the Dirty Pierres premises has stairs lacking handrails on both sides.
*Defendants fail to provide handrails on both sides of the stairs. See 1991 ADA § 4.9.4; 2010 ADA § 505.2; 1968 Ref Std § 4.9.4; 2008 Ref. Std § 505.2; and 2014 Ref. Std § 505.2.*

d. The public entrance to the Dirty Pierres premises has stairs to its public entrance that lack handrail extensions.
*Defendants fail to provide handrails at the top and bottom of stairs that extend beyond and in the same direction of stair flights. See 1991 ADA § 4.9.4(2); 2010 ADA § 505.10; 1968 Ref Std § 4.9.4(2); 2008 Ref. Std § 505.10; and 2014 Ref. Std § 505.10.*

e. The public entrance doors to the Dirty Pierres premises lack level maneuvering clearances at the push side of the door.
*Defendants fail to provide an accessible door with level maneuvering clearances. See 1991 ADA § 4.13.6; 2010 ADA § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref. Std § 404.2.3; and 2014 Ref Std § 404.2.3.*

f. Maneuvering clearances for pushing open the public entrance doors to the Dirty Pierres premises is not provided due to steps.
*Defendants fail to provide minimum maneuvering clearances of 48 inches perpendicular to the door for a forward approach to the push side of a door. See 1991 ADA § 4.13.6; 2010 ADA § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref Std § 404.2.3; and 2014 Ref Std § 404.2.3.*

g. No signage identifies an accessible public entrance to the Dirty Pierres premises (to the extent Defendants claim they provide an accessible public entrance).

6

*Defendants fail to display signage (marked with the International Symbol of Accessibility or otherwise) that identifies an accessible entrance. See 1991 ADA §§ 4.1.2(7)(c); 4.1.3(8)(d); and 4.1.6(1)(h); 2010 ADA § 216.6; 1968 BC § 27- 292.18; 2008 BC § 1110; and 2014 BC §§ 1101.3.4; and 1110.*

h. There is no directional signage at the inaccessible public entrance to Dirty Pierres premises that indicates the location of an accessible public entrance (to the extent Defendants claim they provide an accessible public entrance).

*Defendants do not provide and display signage at the inaccessible public entrance (marked with the International Symbol of Accessibility or otherwise) that indicates the location of an accessible entrance. See 1991 ADA §§ 4.1.6(1)(h) and 4.1.3(8)(d); and 2010 ADA Standards § 216.6.*
*Defendants fail to provide directional signage at necessary locations. See 1968 BC § 27-292.18(b).*
*Defendants fail to provide directional signage by the inaccessible entrance indicating the route to the nearest accessible entrance. See 2008 BC § 1110.2; and 2014 BC §§ 1101.3.3; and 1110.2.*

III.  No Accessible Exit/Egress.

a. The public entrance, which is also Dirty Pierre's exit, is not accessible.

*Defendants fail to provide accessible means of egress in the number required by the code.  See 1991 ADA § 4.1.3(9); 2010 ADA § 207.1; 1968 BC §§ 27-292.1 and 27-357(d); 2008 BC § 1007.1; and 2014 BC § 1007.1.*

Upon information and belief, the following interior accessibility issues exist at the Dirty Pierre's premises:

IV.  No Interior Accessible Route.

a. There is no accessible route to all public areas of the Dirty Pierres premises.

*Defendant fails to provide that there is one accessible route connecting all the public accommodations within the site.  See 1991 ADA §§ 4.1.2(2); 4.1.3(1); and 4.3.2; 2010 ADA §§ 206.2.2 and 206.2.4; 1968 BC § 27- 292.5; 1968 Ref Std § 4.3.2; 2008 BC § 1104.2; and the 2014 BC § 1104.2.*

b. There are steps to access various portions of the public areas that are greater than ½-inch in height.

*Defendant fails to provide that changes in level at accessible routes greater than 1/2-inch-high shall be overcome with a ramp, elevator, or platform lift. See 1991 ADA § 4.3.8; and 1968 Ref Std § 4.3.8.*
*Defendant fails to provide that changes in level at accessible routes greater than 1/2-inch-high shall be ramped. See 2010 ADA § 303.4; 2008 Ref Std § 303.3; and 2014 Ref Std § 303.4.*

V.  No Accessible Dining Surfaces.

a. The bar counter in the Dirty Pierres premises has a base that obstructs knee and toe clearances required for a forward approach to the seating.

*Defendants fail to provide (due to a base wall and/or footrest) a clear floor space of 30 inches by 48 inches positioned for a forward approach and the required knee and toe clearance at accessible work surfaces and/or table surfaces. See 1991 ADA § 4.32.2; 2010 ADA § 902.2; 1968 Ref Std § 4.30.2; 2008 Ref Std §§ 902.2; and 2014 Ref Std § 902.2.*

b. There are no accessible tables in the dining areas of the Dirty Pierres. All tables have chairs, and a pedestal or legs that obstruct knee and toe clearances required for a forward approach to the seating.
*Defendants fail to provide that at least 5% of the dining surfaces provided to customers are accessible. See 1991 ADA § 5.1; 2010 ADA § 226.1; 1968 BC § 27-292.10(a)(3); 2008 BC § 1109.11; and 2014 BC § 1109.10. Defendants fail to provide (due to chairs, table pedestals or table legs) a clear floor space of 30 inches by 48 inches positioned for a forward approach and the required knee and toe clearance at accessible work surfaces and/or table surfaces. See 1991 ADA § 4.32.2; 2010 ADA § 902.2; 1968 Ref Std § 4.30.2; 2008 Ref Std § § 902.2; and 2014 Ref Std § 902.2.*

27.     Plaintiff either personally encountered or has knowledge of the foregoing barriers to access.

28.     Upon information and belief, a full inspection of the Dirty Pierre's premises will reveal the existence of other barriers to access.

29.     As required by the ADA to properly remedy Defendants' discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the Dirty Pierre's premises to catalogue all areas of non-compliance with the ADA.  Notice is therefore given that Plaintiff intends to amend this Complaint to include any violations discovered during an inspection that are not identified herein.

30.     Defendants have denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

31.     Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws.

Nor have Defendants made or provided accommodations or modifications to persons with disabilities.

32.     Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendants' non-compliance with the laws prohibiting disability discrimination. The barriers to access within the Dirty Pierre's premises continue to exist and deter Plaintiff.

33.     Plaintiff resides approximately 20 minutes travel time from the area of Forest Hills, Queens in which the Dirty Pierre's premises.

34.     Plaintiff is in Forest Hills, Queens, the neighborhood where the Dirty Pierre's premises is located, nearly every week.

35.     Plaintiff enjoys various cuisines, and food generally.

36.     Casual fare served at bars, and comfort food such as burgers are among the foods Plaintiff enjoys.

37.     Plaintiff also relishes trying dishes that are new to him.

38.     In March 2024, Plaintiff desired to go to Dirty Pierre's.

39.     However, he was denied entry due to steps at the entrance.



The Stepped Entrance to the Dirty Pierre's Premises

40.     The steps at the entrance to the Dirty Pierre's premises upset Plaintiff.

After all, Dirty Pierre's message was crystal clear: Due to disability, Plaintiff's patronage

was undesirable. After all, an entrance with a step is no different than a sign informing

wheelchair users to "keep out."  *See* 134 Cong. Rec. S10,454, 10,491 (1988) (statement

of Sen. Simon) (noting that the architectural barriers are like "Keep Out" signs to the

disabled).

41.     Plaintiff intends to patronize the Dirty Pierre's premises after it becomes wheelchair accessible as required by the applicable provisions of the 1991 Standards or the 2010 Standards, and the Administrative Code.

42.     Plaintiff continues to suffer an injury due to Defendants maintenance of architectural barriers at the Dirty Pierre's premises.  This is because he desires to dine at Dirty Pierre's but Defendants deny him the opportunity to do so based on disability because of the architectural barriers they maintain at the Dirty Pierre's premises.

43.     Defendants discriminate against Plaintiff in violation of the ADA, the NYSHRL and the NYCHRL as they created, maintain and have failed to remove architectural barriers to wheelchair access at the Dirty Pierre's premises.

**FIRST CAUSE OF ACTION**
**(VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)**

44.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

45.     Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.  As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

46.     The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation.  28 C.F.R. 36.201(b).

47.     Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement).  28 C.F.R. 36.201(b).

48.     Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is disabled.  Defendants' policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

49.     By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

50.     Defendants have discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards.  See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

51.     The Dirty Pierre's premises are not fully accessible and fail to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

52.     Defendants failed to make alteration accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

53.     The paths of travel to the altered primary function areas were not made accessible in violation of 28 C.F.R. § 36.403.

54.     Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.  It would be readily achievable to make Defendants' place of public accommodation fully accessible.

55.     By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

56.     In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

57.     Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

58.     Defendants have and continue to discriminate against Plaintiff in violation of the ADA by maintaining and creating an inaccessible public accommodation.

## <u>SECOND CAUSE OF ACTION</u>
## (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)

59.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

60.     Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range.  Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 292(21).

61.     In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether

federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed". See Executive Law § 300.

62.     By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

63.     Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is disabled.

64.     Defendants discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation.  Each of the Defendants have aided and abetted others in committing disability discrimination.

65.     Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

66.     In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(v)).

67.     It would be readily achievable to make Defendants' place of public accommodation fully accessible.

68.     It would not impose an undue hardship or undue burden on Defendants to make their place of public accommodation fully accessible.

69.     As a direct and proximate result of Defendants' unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

70.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

<u>**THIRD CAUSE OF ACTION**</u>
**(VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)**

71.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

72.     Plaintiff suffers from various medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range -and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102).

73.     The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the NYCHRL.  The Restoration Act confirmed the legislative intent to abolish "parallelism" between the NYCHRL and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 of the NYCHRL (emphasis added). The Restoration Act is to be construed broadly in favor of Plaintiff to the fullest extent possible.  See also New York City Local Law 35 of 2016.

74.     Defendants have and continue to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).  Each of the Defendants have aided and abetted others in committing disability discrimination.

75.     Defendants have and continue to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

76.     Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating and/or maintaining an inaccessible commercial facility/space.

77.     Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

78.     Defendants' policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107 (4)).

79.     Defendants' failure to provide reasonable accommodations for persons with disabilities, inclusive of Defendants' failure to remove the barriers to access identified herein, and their consequent denial of equal opportunity to Plaintiff, constitutes

an ongoing continuous pattern and practice of disability discrimination in violation of NYCHRL (Administrative Code §§ 8-107(4) and 8-107(15)).

80.     In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendants have and continue to, aid and abet, incite, compel, or coerce each other in each of the other Defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

81.     Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk.  As a result, Station Square Inn Apartments Corp. continuously controlled, managed, and operated the public sidewalk abutting 13 Station Square, which includes the portion of the sidewalk constituting the entrance to Defendants' place of public accommodation.

82.     Station Square Inn Apartments Corp.'s failure to construct and maintain an accessible entrance from the public sidewalk to Defendants' place of public accommodation constitutes disability discrimination in a violation of the Administrative Code.

83.     Defendants discriminated against Plaintiff in violation of the NYCHRL (Administrative Code, § 8-107(4)) by maintaining and creating an inaccessible public accommodation.

84.     Defendants' conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . .

[when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

85.  Because Defendants' public accommodation is not readily accessible and usable by people with disabilities, Defendants have demonstrated a policy or practice that has a disproportionately negative impact on the disabled (including plaintiff).

86.  Defendants' conduct constitutes an ongoing and continuous violation of the NYCHRL. Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law. In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' public accommodation.

87.  As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

88.  Upon information and belief, Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

89.  By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

90.  Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so

reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

91.     By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space.  Defendants' unlawful profits plus interest must be disgorged.

92.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

93.     Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

94.     Defendants discriminated against Plaintiff pursuant to New York State Executive Law.

95.     Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

96.     Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## INJUNCTIVE RELIEF

97.     Plaintiff will continue to experience unlawful discrimination as a result of Defendants' failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

98.     Injunctive relief is also necessary to make Defendants' facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

99.     Injunctive relief is further necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

A.  Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, the NYSHRL, and the NYCHRL and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures;

B.  Issue a permanent injunction ordering Defendants to close their place of public accommodation for interior dining until Defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, the NYSHRL, and the NYCHRL, including but not limited to the violations set forth above;

C.  Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.  Award Plaintiff compensatory damages as a result of Defendants' violations of the NYSHRL and the NYCHRL;

E.   Award Plaintiff punitive damages in order to punish and deter the

Defendants for their violations of the NYCHRL;

F.   Award Plaintiff the monetary penalties for each and every violation of the

law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G.   Find that Plaintiff is a prevailing party and award reasonable attorney's

fees, costs, and expenses pursuant to the NYSHRL and the NYCHRL;

H.   Find that Plaintiff is a prevailing party and award reasonable attorney's

fees, costs, and expenses pursuant to the ADA; and

I.   For such other and further relief, at law or in equity, to which Plaintiff

may be justly entitled.

Dated: September 12, 2024
      New York, New York

Respectfully submitted,

**HANSKI PARTNERS LLC**

By:____/s_____
      Adam S. Hanski, Esq.
      Attorneys for Plaintiff
      85 Delancey Street
      New York, New York 10002
      Telephone: (212) 248-7400
      Facsimile: (212) 248-5600
      Email: ash@disabilityrightsny.com